**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

PATRICIA HERNANDEZ, individually and
on behalf of others similarly situated,

        Plaintiff,

   v.

SIMMONS FOODS, INC., and SIMMONS
PREPARED FOODS, INC.,

        Defendants.

Case No. 5:14-cv-05159-JLH

**DEFENDANTS' ANSWER AND**
**DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants SIMMONS FOODS, INC. ("Simmons Foods") and SIMMONS PREPARED

FOODS, INC. ("Simmons Prepared Foods") (collectively "Defendants"), by their attorneys and

pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answer Plaintiff

PATRICIA HERNANDEZ'S Original Complaint—Class Action ("Complaint") and set forth

their defenses as follows:

**I.**
**PRELIMINARY STATEMENTS**

**COMPLAINT ¶1:**

    This is an action brought by Plaintiff Patricia Hernandez, individually and on behalf of all
others similarly situated, against Defendants Simmons Foods, Inc., and Simmons Prepared
Foods, Inc. (hereinafter collectively referred to as "Defendants").

**ANSWER:**

    Defendants admit that Plaintiff purports to bring this action, individually and on behalf of

all others similarly situated, against Defendants. Defendants deny any liability with respect to

Plaintiff or any purportedly similarly situated individuals, and further deny that this case is

suitable for collective or class action treatment.  Defendants deny the remaining allegations in Paragraph No. 1 of the Complaint.

**COMPLAINT ¶2:**

The proposed Section 216 class is composed entirely of hourly-paid poultry production plant employees at Defendants' facility who, during the applicable time period, worked for Defendants and were denied their fundamental rights under applicable federal wage and hour laws.

**ANSWER:**

Defendants admit that Plaintiff purports to bring her claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") as a collective action.  Defendants deny that the proposed collective of "hourly-paid poultry production plant employees" is ascertainable as Plaintiff has failed to define what job titles or positions that phrase is intended to encompass.  Defendants also deny, in any event, that such a collective would be composed of similarly situated individuals.  Defendants further deny that Plaintiff or any purportedly similarly situated individuals were denied any of their purported "fundamental rights" and deny that they are entitled to any relief under the FLSA or any other unspecified "applicable federal wage and hour laws."  Defendants deny the remaining allegations in Paragraph No. 2 of the Complaint.

**COMPLAINT ¶3:**

The proposed Rule 23 class is composed entirely of poultry production plant employees at Defendants' facility who, during the applicable time period, worked for Defendants in the State of Arkansas and were denied their fundamental rights under applicable state wage and hour laws.

**ANSWER:**

Defendants admit that Plaintiff purports to bring her Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA") claims as a Rule 23 class action. Defendants deny that the proposed class of "hourly-paid poultry production plant employees" is ascertainable as Plaintiff has failed to define what job titles or positions that phrase is intended to encompass.

Defendants also deny, in any event, that such a class would be composed of individuals who could meet the requirements of Rule 23. Defendants further deny that Plaintiff or any putative class members were denied any of their purported "fundamental rights" and deny that they are entitled to any relief under the AMWA or any other unspecified "applicable state wage and hour laws." Defendants deny the remaining allegations in Paragraph No. 3 of the Complaint.

## COMPLAINT ¶4:

Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 US.C. [*sic*] § 201, *et seq*. ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq*. ("AMWA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendant's commonly applied policy and practice of failing to pay Plaintiff and all others similarly situated regular wages and overtime compensation for the hours that they were/are made to work off the clock for each single workweek.

## ANSWER:

Defendants admit that Plaintiff purports to bring this action, individually and on behalf of all others purportedly similarly situated, under the FLSA and AMWA. Defendants deny that they had a policy or practice of failing to pay Plaintiff or any other purportedly similarly situated individual properly for all hours worked and deny that Plaintiff or any other purportedly similarly situated individual is entitled to any of the relief described in Paragraph No. 4 of the Complaint. Defendants further deny that this case is suitable for collective or class action treatment. Defendants deny the remaining allegations in Paragraph No. 4 of the Complaint.

## COMPLAINT ¶5:

Upon information and belief, for at least three (3) years prior to the filing hereof, Defendants have willfully and intentionally committed violations of the FLSA and AMWA as described herein.

## ANSWER:

Defendants deny the allegations in Paragraph No. 5 of the Complaint.

**COMPLAINT ¶6:**

Plaintiff files herewith her written Consent to Join this lawsuit pursuant to Section 216 of the FLSA.

**ANSWER:**

Defendants admit that Plaintiff has filed a Consent to Join Collective Action. Defendants

deny that this lawsuit may properly be maintained as a collective action under 29 U.S.C.

§ 216(b). Defendants deny the remaining allegations in Paragraph No. 6 of the Complaint.

## II.
## THE PARTIES

**COMPLAINT ¶7:**

Plaintiff Patricia Hernandez ("Hernandez") is a resident of the County of Benton, State of Arkansas.

**ANSWER:**

Defendants lack knowledge or information sufficient to form an independent belief as to

Plaintiff's current residence but admit that she has reported on her Consent to Join Collective

Action that she resides in Bentonville, Arkansas. Defendants deny the remaining allegations in

Paragraph No. 7 of the Complaint.

**COMPLAINT ¶8:**

Plaintiff was formerly employed in poultry processing for Defendants at or near 185 West Roller Avenue, Decatur, Arkansas 72722, which is Defendants' poultry processing location.

**ANSWER:**

Defendant Simmons Prepared Foods admits that it employed Plaintiff for a period of time

at its poultry processing plant located at 185 and 186 West Roller Avenue, Decatur, Arkansas

72722. Defendant Simmons Foods denies that it has ever employed Plaintiff. Defendants deny

the remaining allegations in Paragraph No. 8 of the Complaint.

**COMPLAINT ¶9:**

Plaintiff's employment with Defendants began or about March 25, 2013, and it ended on or about February 12, 2014.

**ANSWER:**

Defendant Simmons Prepared Foods admits that Plaintiff's employment with it began on or about March 25, 2013. Defendant Simmons Prepared Foods denies that Plaintiff's employment with it continued to February 12, 2014. Defendant Simmons Foods denies that it has ever employed Plaintiff. Defendants deny the remaining allegations in Paragraph No. 9 of the Complaint.

**COMPLAINT ¶10:**

Plaintiff was injured by the acts and omissions of Defendants during such time as she was entitled to the rights and protections of the FLSA.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 10 of the Complaint.

**COMPLAINT ¶11:**

Defendant Simmons Foods, Inc. ("Simmons"), is a private, for-profit corporation created and existing under and by virtue of the laws of the State of Arkansas, registered to do business in the State of Arkansas, producing poultry products at facilities in Decatur, Arkansas.

**ANSWER:**

Defendants admit that Simmons Foods is a private, for-profit corporation that is incorporated in and registered to do business in Arkansas. Defendants deny that Simmons Foods produces poultry products at the Decatur plant where Plaintiff worked. Defendants deny the remaining allegations in Paragraph No. 11 of the Complaint.

**COMPLAINT ¶12:**

Defendant Simmons has annual gross revenues exceeding $500,000.00 during each calendar year relevant hereto.

**ANSWER:**

Defendants admit the allegations in Paragraph No. 12 of the Complaint.

**COMPLAINT ¶13:**

Defendant Simmons's principal address is the Roller Avenue address, above.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 13 of the Complaint.

**COMPLAINT ¶14:**

Defendant Simmons has as its registered agent for service Mr. Mark C. Simmons, 601 North Hico, Siloam Springs, Arkansas 72761.

**ANSWER:**

Defendants admit the allegations in Paragraph No. 14 of the Complaint.

**COMPLAINT ¶15:**

Defendant Simmons Prepared Foods, Inc. ("Prepared"), a private, for-profit corporation created and existing under and by virtue of the laws of the State of Arkansas, registered to do business in the State of Arkansas, producing poultry products at facilities in Decatur, Arkansas.

**ANSWER:**

Defendants admit that Simmons Prepared Foods is a private, for-profit corporation that is

incorporated in and registered to do business in Arkansas and that Simmons Prepared Foods

produces poultry products at the Decatur plant where Plaintiff worked. Defendants deny the

remaining allegations in Paragraph No. 15 of the Complaint.

**COMPLAINT ¶16:**

Defendant Simmons has annual gross revenues exceeding $500,000.00 during each calendar year relevant hereto.

**ANSWER:**

Defendants admit the allegations in Paragraph No. 16 of the Complaint.

**COMPLAINT ¶17:**

Defendant Simmons's principal address is the Roller Avenue address, above.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 17 of the Complaint.

**COMPLAINT ¶18:**

Defendant Simmons has as its registered agent for service Mr. Todd Simmons, 601 North Hico, Siloam Springs, Arkansas 72761.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 18 of the Complaint.

**COMPLAINT ¶19:**

Defendants are engaged in commerce and in the production of goods for commerce as contemplated by 29 U.S.C. §§ 203(r) and 203(s), and they have been so engaged at all times relevant hereto.

**ANSWER:**

Defendants admit the allegations in Paragraph No. 19 of the Complaint.

**COMPLAINT ¶20:**

Defendants were Plaintiff's employers, and the employers of those similarly situated, at all times relevant hereto.

**ANSWER:**

Defendant Simmons Prepared Foods admits that it employed Plaintiff and others at the Decatur plant for a period of time that may be relevant to this action. Defendant Simmons Foods denies that it has ever employed Plaintiff or anyone else at the Decatur plant. Defendants deny that any other individuals are similarly situated to Plaintiff. Defendants deny the remaining allegations in Paragraph No. 20 of the Complaint.

# III.
## JURISDICTION AND VENUE

**COMPLAINT ¶21:**

The United States District Court for the Western District of Arkansas, Fayetteville Division, has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

**ANSWER:**

Defendants admit the allegations in Paragraph No. 21 of the Complaint.

**COMPLAINT ¶22:**

This Complaint also alleges violations of the AMWA, which alleged violations arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding.

**ANSWER:**

Defendants admit that this Complaint alleges violations of the AMWA and that Plaintiff bases her FLSA and AMWA claims on the same set of operative facts. Defendants deny the remaining allegations in Paragraph No. 22 of the Complaint.

**COMPLAINT ¶23:**

This Court has pendent jurisdiction over that claim pursuant to 28 U.S.C. § 1367(a).

**ANSWER:**

Defendants admit the allegations in Paragraph No. 23 of the Complaint.

**COMPLAINT ¶24:**

The acts complained of herein were committed and had their principal effect against Plaintiff within the Western District of Arkansas, Fayetteville Division; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

**ANSWER:**

Defendants admit that venue is proper within the Western District of Arkansas, Fayetteville Division. Defendants deny the remaining allegations in Paragraph No. 24 of the Complaint.

**COMPLAINT ¶25:**

The instant litigation also asserts a class action claim under Rule 23 of the Federal Rules of Civil Procedure.

**ANSWER:**

Defendants admit that Plaintiff purports to assert a class action claim under Rule 23 of the Federal Rules of Civil Procedure. Defendants deny that Plaintiff or any purportedly similarly situated individuals are entitled to any relief under the FLSA or the AMWA, and further deny that this case is suitable for collective or class action treatment. Defendants deny the remaining allegations in Paragraph No. 25 of the Complaint.

**IV.**
**FACTUAL ALLEGATIONS**

**COMPLAINT ¶26:**

At all relevant times herein, Defendants have each been domestic corporations maintaining locations in Arkansas with annual gross revenues exceeding $500,000.00.

**ANSWER:**

Defendants admit the allegations in Paragraph No. 26 of the Complaint.

**COMPLAINT ¶27:**

At all relevant times herein, Defendants were/are each the "employer" of Plaintiff and similarly situated employees within the meaning of all applicable federal statutes and implementing regulations, including the FLSA.

**ANSWER:**

Defendant Simmons Prepared Foods admits that it was Plaintiff's "employer" as that term is defined under the FLSA for a period of time that may be relevant to this action.

Defendant Simmons Foods denies that it has ever employed Plaintiff. Defendants deny that any individuals are similarly situated to Plaintiff. Defendants lack knowledge or information sufficient to form a belief as to who specifically Plaintiff believes to be similarly situated to her and, thus, deny that they were both or either the "employer" of all such individuals. Defendants deny the remaining allegations in Paragraph No. 27 of the Complaint.

**COMPLAINT ¶28:**

At all relevant times, Defendants directly hired Plaintiff and similarly situated employees, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

**ANSWER:**

Defendant Simmons Prepared Foods admits that it employed Plaintiff and others at its Decatur plant. Defendants deny that any individuals are similarly situated to Plaintiff. Defendants deny the remaining allegations in Paragraph No. 28 of the Complaint.

**COMPLAINT ¶29:**

At all relevant times, Plaintiff was employed by Defendants as an hourly-paid, poultry processing plant production laborer making between $9.07 and $10.73 per hour.

**ANSWER:**

Defendant Simmons Prepared Foods admits that it employed Plaintiff as an hourly-paid employee for a period of time that may be relevant to this action and that Plaintiff's regular rate of pay at one point was approximately $9.07 per hour. Defendant Simmons Prepared Foods denies that Plaintiff was employed as a "production laborer" throughout her employment and denies that Plaintiff ever received a regular rate of pay of $10.73 per hour. Defendant Simmons Foods denies that it has ever employed Plaintiff in any capacity. Defendants deny the remaining allegations in Paragraph No. 29 of the Complaint.

**COMPLAINT ¶30:**

Plaintiff held various hourly positions at the plant: she worked as a chicken hanger; she worked in sanitation; and she packed chicken legs.

**ANSWER:**

Defendant Simmons Prepared Foods admits that Plaintiff worked at its Decatur plant as a chicken hanger, that she worked in sanitation, and that in one of her job positions she had, among other duties, the duty of packing chicken legs. Defendant Simmons Prepared Foods denies that Plaintiff has properly identified by title the actual job positions she held during her employment with it. Defendant Simmons Foods denies that Plaintiff has ever worked for it in any capacity. Defendants deny the remaining allegations in Paragraph No. 30 of the Complaint.

**COMPLAINT ¶31:**

Other positions were subject to the same pay policy as Plaintiff; some of these positions are skinning, cutting and gutting, deboning, and various packaging.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 31 of the Complaint.

**COMPLAINT ¶32:**

Plaintiff and similarly situated employees were/are classified by Defendants as non-exempt under the FLSA, and were/are always paid an hourly rate.

**ANSWER:**

Defendant Simmons Prepared Foods admits that it classified Plaintiff and many other employees at the Decatur plant as non-exempt under the FLSA. Defendant Simmons Foods denies that it employed or "classified" Plaintiff. Defendants deny that any other employees are similarly situated to Plaintiffs. Defendants lack knowledge or information sufficient to form a belief as to who specifically Plaintiff believes to be similarly situated to her and, thus, deny that they were both or either the "employer" of all such individuals. Defendants deny the remaining allegations in Paragraph No. 32 of the Complaint.

## COMPLAINT ¶33:

Defendants' hourly employees are not protected by the terms of any Collective Bargaining Agreement as that term is defined in Section 203(o) of the FLSA.

## ANSWER:

Defendant Simmons Prepared Foods admits that its hourly-paid employees at the Decatur plant are not covered by a collective bargaining agreement. Defendant Simmons Foods denies that it has employees at the Decatur plant. Defendants deny the remaining allegations in Paragraph No. 33 of the Complaint.

## COMPLAINT ¶34:

At all relevant times herein pursuant to Defendants' common and universal practice, Plaintiff and similarly situated employees were/are required to work off the clock (i.e. without pay), including but not limited to, the following categories of work which benefitted Defendants:

A. Reporting to work and then waiting to receive, receiving, and then donning clothing and personal protective equipment ("PPE") prior to the time they were compensated, as well as often remaining at work to doff and store and/or return clothing and PPE after Defendants ceased compensating them ("donning and doffing time");

B. Walking to and from the donning and doffing areas to the production line prior to and at the end of each shift ("walking time"); and

C. Having their hourly compensation docked by thirty (30) minutes in connection with a meal break that was less than thirty (30) minutes as meal breaks are defined by the implementing regulations of the FLSA ("lunch time") and the AMWA.

## ANSWER:

Defendant Simmons Foods denies that it employed Plaintiff or any other individuals who worked at the Decatur plant. Defendants deny that Simmons Prepared Foods had any common or universal policies or practices that would permit off-the-clock work by any of its employees at the Decatur plant. Defendants deny the remaining allegations in Paragraph No. 34 of the Complaint.

**COMPLAINT ¶35:**

The time spent in relation to donning, doffing, and otherwise managing the PPE, including time spent in transit to and from changing areas to Defendants' time-clock, was necessary and indispensable to Plaintiff's principal work, required by law and required by the nature of the work, but these activities occurred without compensation.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 35 of the Complaint.

**COMPLAINT ¶36:**

Walking time was necessary and indispensable to Plaintiff's principal work, but the activities of Plaintiff and similarly situated employees were not compensated by Defendants.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 36 of the Complaint.

**COMPLAINT ¶37:**

Plaintiff and similarly situated employees did not explicitly or implicitly agree to Defendants' failure to pay for donning and/or doffing time, either directly or through any labor representative.

**ANSWER:**

Defendants deny that Simmons Prepared Foods failed to pay Plaintiff or any other employee at the Decatur plant for any compensable donning and doffing time. Defendants deny the remaining allegations in Paragraph No. 37 of the Complaint.

**COMPLAINT ¶38:**

Plaintiff and similarly situated employees did not explicitly or implicitly agree to Defendants' failure to pay for walking time, either directly or through any labor representatives.

**ANSWER:**

Defendants deny that Simmons Prepared Foods failed to pay Plaintiff or any other employee at the Decatur plant for any compensable activities. Defendants deny the remaining allegations in Paragraph No. 38 of the Complaint.

**COMPLAINT ¶39:**

Plaintiff and similarly situated employees did not explicitly or implicitly agree to Defendants' failure to pay for unlawfully short lunchtime, either directly or through any labor representatives.

**ANSWER:**

Defendants deny that Simmons Prepared Foods failed to pay Plaintiff or any other employee at the Decatur plant for any compensable activities and deny that Plaintiff or any other employee at the Decatur plant received unlawfully short meal breaks. Defendants deny the remaining allegations in Paragraph No. 39 of the Complaint.

**COMPLAINT ¶40:**

Defendants docked the pay of Plaintiff and similarly situated employees for clothing and/or equipment and/or PPE that Defendants required Plaintiff and similarly situated employees to wear and/or use, causing their pay to fall below the overtime premium of time and a half their regular rate of pay.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 40 of the Complaint.

**COMPLAINT ¶41:**

At all relevant times herein, Defendants failed and continue to fail to accurately record all of the time worked off the clock by Plaintiff and similarly situated employees and have failed to properly compensate these same people for all of the off-the-clock hours.

**ANSWER:**

Defendants deny that Plaintiff or any other employee of Simmons Prepared Foods at the Decatur plant has worked off the clock and deny that Simmons Prepared Foods failed to accurately record all of the hours that Plaintiff or any other non-exempt Decatur plant employee worked. Defendants deny the remaining allegations in Paragraph No. 41 of the Complaint.

**COMPLAINT ¶42:**

At all relevant times herein, starting more than three (3) years ago and continuing to present, Defendants have deprived Plaintiff and similarly situated employees of regular wages and overtime compensation for all of the hours over forty (40) per week.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 42 of the Complaint.

**COMPLAINT ¶43:**

Defendants' conduct and actions, as described above, are in violation of the FLSA and are willful, intentional and not the result of a good faith contest or dispute.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 43 of the Complaint.

**V.**
**CLASS ACTION ALLEGATIONS**

**COMPLAINT ¶44:**

Plaintiff brings this collective action to recover monetary damages owed by Defendants to Plaintiff and members of the putative Class for all the unpaid regular wages and overtime compensation for all the hours worked off the clock.

**ANSWER:**

Defendants admit that Plaintiff purports to bring both a collective action and a class

action to recover monetary damages. Defendants deny that Plaintiff or any member of the

putative class or collective worked off the clock and deny that Plaintiff or any member of the

putative class or collective is entitled to any additional wages. Defendants further deny that this

case is suitable for collective or class action treatment. Defendants deny the remaining

allegations in Paragraph No. 44 of the Complaint.

**COMPLAINT ¶45:**

Plaintiff brings this action on behalf of herself and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violations of the FLSA and the AMWA.

**ANSWER:**

Defendants admit that Plaintiff purports to bring this action on behalf of herself and all

other purportedly similarly situated employees. Defendants deny that they engaged in any

willful and intentional violations of the FLSA and the AMWA and deny that Plaintiff or any purportedly similarly situated individuals are entitled to any relief as a result of this lawsuit. Defendants further deny that this case is suitable for collective or class action treatment. Defendants deny the remaining allegations in Paragraph No. 45 of the Complaint.

**COMPLAINT ¶46:**

In addition, and in the alternative, Plaintiff brings this action in her individual and personal capacity, separate and apart from the Class claims set forth herein.

**ANSWER:**

Defendants admit that Plaintiff purports to bring this action in her individual and personal capacity as well. Defendants deny the remaining allegations in Paragraph No. 46 of the Complaint.

**COMPLAINT ¶47:**

The Rule 23 Class under the AMWA is defined as follows:

All current and former employees of Defendants, who were employed as hourly poultry production plant employees at Defendants' facility during the statutory period, and who were not fully compensated for all required waiting time, donning and doffing time, walking time and short mealtimes and paycheck deductions.

**ANSWER:**

Defendants admit that Plaintiff purports to bring a Rule 23 class action and that she has attempted to define the putative class in Paragraph No. 47 of the Complaint. Defendants deny that Plaintiff has defined "hourly poultry production plant employees" and deny that such a class is ascertainable. Defendants further deny that this case is suitable for collective or class action treatment. Defendants deny the remaining allegations in Paragraph No. 47 of the Complaint.

**COMPLAINT ¶48:**

Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The Collective Class is defined as follows:

All current and former employees of Defendants, who were employed as hourly poultry production plant employees at Defendants' facility during the statutory period, and who were not fully compensated for all required waiting time, donning and doffing time, walking time and short mealtimes and paycheck deductions.

**ANSWER:**

Defendants admit that Plaintiff purports to bring a collective action under 29 U.S.C. § 216(b) and that she has attempted to define the putative collective action in Paragraph No. 48 of the Complaint. Defendants deny that Plaintiff has defined "hourly poultry production plant employees" and deny that such a collective is ascertainable. Defendants further deny that this case is suitable for collective or class action treatment. Defendants deny the remaining allegations in Paragraph No. 48 of the Complaint.

**COMPLAINT ¶49:**

This action is properly brought as a collective action pursuant to the collective action procedures of Section 216 of the FLSA and the class action procedures of Rule 23 of the Federal Rules of Civil Procedure.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 49 of the Complaint.

**COMPLAINT ¶50:**

The Class is so numerous that joinder of all members is impractical. While the exact number and identities of Class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that at least five hundred (500) putative class members have worked for Defendants without appropriate pay, as described herein, throughout the applicable statutory period at the Decatur location.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff believes and, thus, deny the same. Defendants deny the remaining allegations in Paragraph No. 50 of the Complaint.

**COMPLAINT ¶51:**

This litigation is properly brought as a class action because of the existence of questions of fact and law common to the Class which predominates over any questions affecting only individual members, including:

    (a)    The compensability of time spent donning and doffing, and in transit to and from changing areas, preparing the worksite and finishing, all without compensation;

    (b)    Whether Plaintiff and members of the Class worked off the clock;

    (c)    Whether Defendants have failed to pay Plaintiff and members of the Class regular wages and overtime compensation for all of the hours over forty (40) each week;

    (d)    Whether Defendants are liable to Plaintiff and members of the Class for violations of the AMWA.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 51 of the Complaint.

**COMPLAINT ¶52:**

This litigation is properly brought as a class action because Plaintiff's claims are typical of the claims of the members of the Class, inasmuch as all such claims arise from Defendants' standard policies and practices, as alleged herein. Like all Class members, Plaintiff was injured by Defendant's policies and practices of failure to pay regular wages and overtime compensation for all the hours worked off the clock.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 52 of the Complaint.

**COMPLAINT ¶53:**

Plaintiff has no interests antagonistic to the interests of the other members of the Class. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in class action litigation. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's

commitment to the vigorous prosecution of this action and, therefore, deny the same.

Defendants deny the remaining allegations in Paragraph No. 53 of the Complaint.

**COMPLAINT ¶54:**

A class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

    (a)    Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue enormous savings to both the Court and the Class in litigating the common issues on a class-wide instead of on a repetitive individual basis;

    (b)    Despite the relatively small size of individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a Class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

    (c)    No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the Class.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 54 of the Complaint.

**COMPLAINT ¶55:**

Plaintiff is aware of no members of the proposed class which have an interest in individually controlling the prosecution of separate actions. Neither is Plaintiff aware of any other litigation concerning this particular controversy.

**ANSWER:**

Defendants admit that there is no other litigation concerning this particular controversy.

Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff is

aware of and, therefore, deny the same. Defendants deny the remaining allegations in Paragraph

No. 55 of the Complaint.

**COMPLAINT ¶56:**

Class certification is also fair and efficient because prosecution of separate actions by individual class members would create a risk of differing adjudications with respect to such individual members of the class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 56 of the Complaint.

**COMPLAINT ¶57:**

Class certification is further appropriate under the AMWA because Defendants have acted and continue to act on grounds generally applicable to the members of the Class and all the requirements under Rule (a) and Rule (b) (3) of the Federal Rules of Civil Procedure are met.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 57 of the Complaint.

**COMPLAINT ¶58:**

Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents FLSA and AMWA claims of a type that have often been prosecuted on a class-wide basis, and the manner of identifying the Class and providing any monetary relief to it can easily be effectuated from a review of Defendants' records.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff

anticipates and, therefore, deny the same.  Defendants deny the remaining allegations in

Paragraph No. 58 of the Complaint.

### VI.
### FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of FLSA)

**COMPLAINT ¶59:**

Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint above, as if fully set forth herein.

**ANSWER:**

Defendants reassert their responses to Paragraph Nos. 1 through 58 of the Complaint as

their response to Paragraph No. 59 of the Complaint.

**COMPLAINT ¶60:**

Defendants required Plaintiff to work off the clock but failed to pay Plaintiff regular wages and overtime compensation for all of the off-the-clock hours.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 60 of the Complaint.

**COMPLAINT ¶61:**

Defendants deprived Plaintiff regular wages and overtime compensation for all of the hours over forty (40) per week, in violation of the FLSA.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 61 of the Complaint.

**COMPLAINT ¶62:**

Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 62 of the Complaint.

**COMPLAINT ¶63:**

By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's original complaint, plus periods of equitable tolling.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 63 of the Complaint.

**COMPLAINT ¶64:**

Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 64 of the Complaint.

**VII.**
**SECOND CLAIM FOR RELIEF**
**(Individual Claim for Violation of AMWA)**

**COMPLAINT ¶65:**

Plaintiff repeats and re-alleges all the preceding paragraphs of the Complaint above, as if fully set forth herein.

**ANSWER:**

Defendants reassert their responses to Paragraph Nos. 1 through 64 of the Complaint as their response to Paragraph No. 65 of the Complaint.

**COMPLAINT ¶66:**

Defendants' required Plaintiff to work off the clock but failed to pay Plaintiff regular wages and overtime compensation for all of the off-the-clock hours.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 66 of the Complaint.

**COMPLAINT ¶67:**

Defendants deprived Plaintiff regular wages and overtime compensation for all of the hours over forty (40) per week, in violation of the AMWA.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 67 of the Complaint.

**COMPLAINT ¶68:**

Defendants' conduct and practice, as described above, are and/or were willful, intentional, unreasonable, arbitrary and in bad faith.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 68 of the Complaint.

**COMPLAINT ¶69:**

By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees provided by the AMWA.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 69 of the Complaint.

## VIII.
## THIRD CLAIM FOR RELIEF
## (Collective Action Claim for Violation of FLSA)

**COMPLAINT ¶70:**

Plaintiff repeats and re-alleges all the preceding paragraphs of the Complaint above, as if fully set forth herein.

**ANSWER:**

Defendants reassert their responses to Paragraph Nos. 1 through 69 of the Complaint as

their response to Paragraph No. 70 of the Complaint.

**COMPLAINT ¶71:**

Defendants required Plaintiff and similarly situated members of the Class to work off the clock but failed to pay Plaintiff and the Class members' regular wages and overtime compensation for all of the off-the-clock hours.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 71 of the Complaint.

**COMPLAINT ¶72:**

Defendants deprived Plaintiff and the Class members' regular wages and overtime compensation for all of the hours over forty (40) per week, in violation of the FLSA.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 72 of the Complaint.

**COMPLAINT ¶73:**

Defendants' conduct and practice, as described above, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 73 of the Complaint.

**COMPLAINT ¶74:**

By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and similarly situated members of the Class for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 74 of the Complaint.

**IX.**
**FOURTH CLAIM FOR RELIEF**
**(Class Action Claim for Violation of AMWA)**

**COMPLAINT ¶75:**

Plaintiff repeats and re-alleges all the preceding paragraphs of the Complaint above, as if fully set forth herein.

**ANSWER:**

Defendants reassert their responses to Paragraph Nos. 1 through 74 of the Complaint as

their response to Paragraph No. 75 of the Complaint.

**COMPLAINT ¶76:**

Defendants required Plaintiff and similarly situated members of the Class to work off the clock but failed to pay Plaintiff and the Class members regular wages and overtime compensation for all of the off-the-clock hours.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 76 of the Complaint.

**COMPLAINT ¶77:**

Defendants deprived Plaintiff and the Class members regular wages and overtime compensation for all of the hours over forty (40) per week, in violation of the AMWA.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 77 of the Complaint.

**COMPLAINT ¶78:**

Defendants' conduct and practice, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 78 of the Complaint.

**COMPLAINT ¶79:**

By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and similarly situated members of the Class for monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees provided by the AMWA.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 79 of the Complaint.

**X.**
**WILLFULNESS**

**COMPLAINT ¶80:**

Plaintiff repeats and re-alleges all the preceding paragraphs of the Complaint above, as if fully set forth herein.

**ANSWER:**

Defendants reassert their responses to Paragraph Nos. 1 through 79 of the Complaint as their response to Paragraph No. 80 of the Complaint.

**COMPLAINT ¶81:**

All actions by Defendants were willful and not the result of mistake or inadvertence.

**ANSWER:**

Defendants deny the allegations in Paragraph No. 81 of the Complaint.

**COMPLAINT ¶82:**

Defendants knew or should have known that the FLSA applied to their operation of its food plants at all relevant times.

**ANSWER:**

Defendants admit that they are aware of the FLSA's requirements, and specifically state that Plaintiff was paid for all time that she worked for Simmons Prepared Foods in compliance with the FLSA and the AMWA. Defendants deny that this lawsuit relates to any plant other than

the Decatur plant where Plaintiff worked and deny that the FLSA applies to Simmons Prepared Foods' "operation" of the Decatur plant. Defendants deny the remaining allegations in Paragraph No. 82 of the Complaint.

**COMPLAINT ¶83:**

Defendants knew of or should have been aware of previous litigation and enforcement actions relating to wage and hour violations where the non-payment for donning and doffing under the FLSA was determined to be a violation of the FLSA.

**ANSWER:**

Defendants admit that they are aware of the FLSA's requirements, and specifically state that Plaintiff was paid for all time worked in compliance with the FLSA and the AMWA. Defendants deny being aware of any previous litigation or enforcement actions regarding the hours worked by or wages paid to Simmons Prepared Foods' employees at the Decatur plant. Defendants deny the remaining allegations in Paragraph No. 83 of the Complaint.

**COMPLAINT ¶84:**

Defendants knew of or should have been aware of previous litigation and enforcement actions relating to wage and hour violations where the non-payment for walking time under the FLSA was determined to be a violation of the FLSA.

**ANSWER:**

Defendants admit that they are aware of the FLSA's requirements, and specifically state that Plaintiff was paid for all time worked in compliance with the FLSA and the AMWA. Defendants deny being aware of any previous litigation or enforcement actions regarding the hours worked by or wages paid to Simmons Prepared Foods' employees at the Decatur plant. Defendants deny the remaining allegations in Paragraph No. 84 of the Complaint.

**COMPLAINT ¶85:**

Defendants knew of or should have been aware of previous litigation and enforcement actions relating to wage and hour violations where the non-payment for unlawfully short unpaid meal breaks under the FLSA was determined to be a violation of the FLSA.

**ANSWER:**

Defendants admit that they are aware of the FLSA's requirements, and specifically state that Plaintiff was paid for all time worked in compliance with the FLSA and the AMWA. Defendants deny being aware of any previous litigation or enforcement actions regarding the hours worked by or wages paid to Simmons Prepared Foods' employees at the Decatur plant. Defendants deny the remaining allegations in Paragraph No. 85 of the Complaint.

**COMPLAINT ¶86:**

Cases in support of the position taken by Plaintiff in this lawsuit are many and are found throughout the country. Many of them meaningfully predate the intentional non-payment planned and committed by Defendants in this case, and some demonstrate that the food production industry is a repeated offender of this type of FLSA violation. IBP, Inc. v. Alvarez, 546 U.S. 21 (2005); Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946); Helmert, et al., v. Butterball, LLC, 4:08-cv-0342-JLH (E. D. Ark 2008); Bouaphekeo v. Tyson Foods, Inc., 5:07-cv-04009-JAJ, (N.D. Iowa 2005).

**ANSWER:**

Defendants deny that Simmons Prepared Foods underpaid any employee at the Decatur plant. Defendants deny the remaining allegations and arguments in Paragraph No. 86 of the Complaint.

**COMPLAINT ¶87:**

Despite being on notice of its violations, Defendants chose to continue to deny Plaintiff and other members of the proposed collective class minimum (and overtime) wages in effort to enhance their own profits.

**ANSWER:**

Defendants deny that there are any violations for it to be "on notice of" and deny that Plaintiff or any putative class members are owed any additional wages. Defendants deny the remaining allegations in Paragraph No. 87 of the Complaint.

# XI.
## PUNITIVE DAMAGES

**COMPLAINT ¶88:**

Plaintiff repeats and re-alleges all the preceding paragraphs of the Complaint above, as if fully set forth herein.

**ANSWER:**

Defendants reassert their responses to Paragraph Nos. 1 through 87 of the Complaint as their response to Paragraph No. 88 of the Complaint.

**COMPLAINT ¶89:**

Arkansas Code Annotated § 16-55-206 states that a plaintiff may be awarded punitive damages if the plaintiff shows that the "defendant knew or ought to have known, in light of the surrounding circumstances, that his or her conduct would naturally and probably result in injury or damage and that he or she continued the conduct with malice or in reckless disregard of the consequences."

**ANSWER:**

Defendants admit that Ark. Code Ann. § 16-55-206, which is part of the Civil Justice Reform Act of 2003, contains a provision for putative damages if a plaintiff meets a certain standard of proof. Defendants deny that this statute has any applicability to this action and deny that Plaintiff or any purportedly similarly situated individuals are entitled to any relief under it as part of this lawsuit. Defendants deny the remaining allegations in Paragraph No. 89 of the Complaint.

**COMPLAINT ¶90:**

Defendants knew or should have known of their obligations under the AMWA to pay non-exempt employees one and one-half times their regular rate for all hours worked over forty per week.

**ANSWER:**

Defendants admit that they are aware of the AMWA's requirements, and specifically state that Plaintiff and all other non-exempt employees of Simmons Prepared Foods at the

Decatur plant have been properly paid for all time worked in compliance with the FLSA and the AMWA. Defendants deny the remaining allegations in Paragraph No. 90 of the Complaint.

## COMPLAINT ¶91:

Defendants knew or should have known that their failure to compensate Plaintiff for all hours worked would naturally result in damage to Plaintiff in the form of unpaid wages, yet continued their course of conduct with reckless disregard for the consequences to Plaintiff.

## ANSWER:

Defendants deny that Plaintiff is owed for any additional pay for any hours she worked at Simmons Prepared Foods' Decatur plant. Defendants also deny that Plaintiff has been damaged in any way and deny that they have engaged in any reckless conduct with respect to Plaintiff. Defendants deny the remaining allegations in Paragraph No. 91 of the Complaint.

## COMPLAINT ¶92:

Defendants are liable to Plaintiff for punitive damages in accordance with the Arkansas Civil Justice Reform Act, Ark. Code Ann. § 16-55-206, for Defendants' knowing and unlawful failure to pay overtime wages.

## ANSWER:

Defendants deny the allegations in Paragraph No. 92 of the Complaint.

## PRAYER FOR RELIEF

Paragraphs lettered (a) through (n) of the Complaint contain Plaintiff's prayer for relief to which no response is required. Nevertheless, Defendants deny that any of the relief sought is proper and deny the remaining allegations of the paragraphs designated as the prayer for relief within the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

In asserting the defenses that follow, Defendants do not assume any burden of production or proof that they would not otherwise have. In addition, Defendants are continuing to investigate Plaintiff's allegations and, therefore, reserve the right to amend their Answer and

defenses. Defendants note that in the event a collective or class action is certified and the purportedly similarly situated individuals are identified, Defendants may need to amend this Answer to assert additional defenses as to such individuals.

## FIRST DEFENSE

Some or all of the purported claims of Plaintiff, and/or of those individuals whom Plaintiff alleges would comprise a putative collective or class, are barred in whole or in part by the applicable statutes of limitations.

## SECOND DEFENSE

Plaintiff fails to state a claim, in whole or in part, upon which relief may be granted, either on her own behalf or on behalf of those individuals whom Plaintiff alleges would comprise a putative collective or class.

## THIRD DEFENSE

Further, and in the alternative if necessary, Defendants' actions with respect to Plaintiff, and/or those individuals whom Plaintiff alleges would comprise a putative collective or class, were taken in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval, interpretation, and/or administrative practice or policy, pursuant to 29 U.S.C. § 259 and any applicable state law.

## FOURTH DEFENSE

Further, and in the alternative if necessary, Defendants' actions with respect to Plaintiff, and/or those individuals whom Plaintiff alleges would comprise a putative collective or class, were taken in good faith with reasonable grounds to believe such conduct comported with permissible interpretations of the FLSA and the AMWA pursuant to 29 U.S.C. § 260 and any applicable state law.

**FIFTH DEFENSE**

Further, and in the alternative if necessary, neither Plaintiff nor the individuals whom Plaintiff alleges would comprise a putative collective or class are entitled to any penalty, multiplication of damages, or extension of any statute of limitations period because Defendants did not willfully, knowingly, or intentionally fail to comply with the provisions of the FLSA or the AMWA.

**SIXTH DEFENSE**

Further, and in the alternative if necessary, Defendant states that even if Plaintiff, and/or those individuals whom Plaintiff alleges would comprise a putative collective or class, were not paid for all work time, the uncompensated time is *de minimis*.

**SEVENTH DEFENSE**

Some or all of Plaintiff's and putative collective and/or class action members' claims fail because they cannot carry their burden of showing that Defendant Simmons Foods employed them, or was considered their "employer" under the FLSA or the AMWA, during all or part of the time period relevant to this lawsuit.

**EIGHTH DEFENSE**

Subject to proof through discovery, some or all of the claims asserted in the Complaint are barred, in whole or in part, by the doctrine of unclean hands to the extent Plaintiff, and/or those individuals whom Plaintiff alleges would comprise a putative collective or class, intentionally falsified their timecards, underreported their hours worked, and/or intentionally hid their off-the-clock activities.

## NINTH DEFENSE

Further, and in the alternative if necessary, some or all of the purported claims in the Complaint are subject to setoff, offset, and/or recoupment.

## TENTH DEFENSE

Defendants reserve the right to assert any additional defenses depending on any evidence discovered in the course of this litigation.

WHEREFORE, Defendants respectfully request that the Court dismiss with prejudice Plaintiff's Complaint in its entirety and award Defendants their reasonable attorneys' fees, costs, expenses, and any and all other relief the Court deems just and proper.

Dated:  August 28, 2014.

Respectfully submitted,

s/  Louisa J. Johnson
Brett C. Bartlett (Ga. Bar No. 040510)
bbartlett@seyfarth.com
Louisa J. Johnson (Ga. Bar No. 391805)
lojohnson@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street NE, Suite 2500
Atlanta, Georgia 30309
Telephone:  (404) 885-1500
Facsimile:  (404) 892-7056

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Defendants' Answer and Defenses to Plaintiff's Complaint* was filed electronically through the Court's CM/ECF system, which will send notice of this filing to all counsel of record.

s/  Louisa J. Johnson
One of the Attorneys for Defendants