IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**PATRICIA HERNANDEZ,** **PLAINTIFF**
**Individually and on Behalf of**
**Others Similarly Situated**

vs. No. 5:14-cv-5159-JLH

**SIMMONS FOODS, INC., and** **DEFENDANTS**
**SIMMONS PREPARED FOODS, INC.**

## RESPONSE TO DEFENDANTS' NOTICE OF OBJECTIONS TO THE DECLARATIONS OF PLAINTIFF AND PLAINTIFF'S COUNSEL

### I.

### INTRODUCTION

In support of her Motion for Certification of Collective Action, Equitable Tolling, for Disclosure of Potential Opt-In Plaintiffs' Contact Information, and Court-Approved Notices (hereinafter Plaintiff's "Motion for Conditional Certification") (ECF No. 5), Plaintiff attached both her own Declaration (ECF No. 5-1) and the Declaration of her attorney, Josh Sanford (ECF No. 5-4). Instead of raising their objections to these evidentiary items within their Response to the Motion for Conditional Certification (ECF No. 10), Defendants have chosen to multiply litigation by filing a completely separate brief to voice their objections.[1] Defendants' Notice of Objections to the Declarations of Plaintiff and Plaintiff's Counsel (hereinafter "Notice of Objections") (ECF No. 11) raises no

---

[1] This is, of course, in addition to Defendants' Motion to Stay Ruling on Plaintiff's Motion for Conditional Certification Pending Preliminary Discovery (ECF No. 12), in which Defendants requests a stay pending discovery on Plaintiff's Motion for Conditional Certification—yet another issue that should have been presented within Defendants' Response itself.

issues that could not and should not have been raised in Defendants' Response to Plaintiff's Motion for Conditional Certification. Defendants' Notice of Objections is nothing more than an extension of its Response to Plaintiff's Motion for Conditional Consideration, therefore Plaintiff incorporates this Response into her Reply in Support of her Motion for Conditional Certification, and likewise incorporates her Reply into this Response.

Substantively, Defendants have provided no justification for their request that this Court completely disregard the Declaration of Plaintiff Patricia Hernandez (hereinafter "Plaintiff's Declaration") (ECF No. 5-1) and the Declaration of Attorney Josh Sanford (hereinafter "Mr. Sanford's Declaration") (ECF No. 5-4), and these Declarations are proper in both form and substance. Instead, Defendants' Notice of Objections is merely an attempt to distract this Court from the question of whether Plaintiff and the members of the proposed class are similarly situated, which is indicative of Defendants' inability to rebut Plaintiff's claim that they are so situated.

## II.

## ARGUMENT

A. Plaintiff's Declaration

Defendants identify their first objection to Plaintiff's Declaration as their claim that it is "plagiarized," as though Plaintiff's Declaration were some sort of college term paper written by someone else for which Plaintiff attempted to take credit. But simply slinging the word "plagiarism" around repeatedly does not create a valid defense to Plaintiff's requested relief under Section 216. By abusing and misusing the word "plagiarism," Defendants apparently hope that the Court will get excited and rule in Defendants' favor

Page 2 of 10
Patricia Hernandez, et al., v. Simmons Foods, Inc., et al.
U.S.D.C. (W. D. Ark.) 5:14-cv-5159-JLH
Response to Defendants' Notice of Objections
to the Declarations of Plaintiff and Plaintiff's Counsel

based simply on a knee-jerk reaction to the word "plagiarism." The mere fact that a declaration contains language similar to (or exactly the same as) another declaration is not a basis for denying certification of a class or for wholly disregarding the declaration. McNelley v. Aldi, Inc., 2009 U.S. Dist. LEXIS 130788, *12 (N.D. Ohio Nov. 16, 2009) ("[P]otential opt-in plaintiffs are not required to make a lengthy detailed declaration in their own words or without the assistance of counsel.").[2]

The crux of Defendants' argument is that Plaintiff's Declaration is, according to Defendants, "otherwise untruthful," "not based on personal knowledge," and based on "inadmissible hearsay." None of these arguments have any merit. Courts around the United States, including those in the Eighth Circuit, have <u>repeatedly</u> held that they will not make credibility determinations or resolve factual disputes at the conditional certification stage. Saddler v. Memphis City Schs., 2013 U.S. Dist. LEXIS 45479, *21 (W.D. Tenn. Feb. 4, 2013) ("[T]he court should not resolve these witness credibility issues or factual disputes at the conditional certification stage."); Schmaltz v. O'Reilly Auto Stores, Inc., 2013 U.S. Dist. LEXIS 943752, *20 (E.D. Mo. Mar. 11, 2013); ("[T]he Court does not reach the merits of the parties' claims and defenses, or make any credibility determinations or findings of fact with respect to contradictory evidence presented by the parties at this initial stage."); McNelley v. Aldi, Inc., 2009 U.S. Dist. LEXIS 130788, *12 (N.D. Ohio Nov. 16, 2009) ("At this stage in the case, the Court does not make credibility determinations."). Therefore, Defendants' allegation that Plaintiff's Declaration is "otherwise untruthful" is irrelevant at the current stage of the proceedings

---

[2] While Defendants cite cases in which courts have disapproved of repetitive declarations (albeit in the same case, not in different cases as is alleged by Defendants herein), there are other cases that find the exact opposite—that duplicative declarations actually support certification. McNelley v. Aldi, Inc., 2009 U.S. Dist. LEXIS 130788 *12–13 (N.D. Ohio Nov. 16, 2009).

**Page 3 of 10**
**Patricia Hernandez, et al., v. Simmons Foods, Inc., et al.**
**U.S.D.C. (W. D. Ark.) 5:14-cv-5159-JLH**
**Response to Defendants' Notice of Objections**
**to the Declarations of Plaintiff and Plaintiff's Counsel**

as credibility and factual determinations are improper at this time.

Further, declarations in support of a motion for conditional certification "need not meet the same evidentiary standards required for summary judgment." McNelley, 2009 U.S. Dist. 130788 at *12; See also Castillo v. Alkire Subway, LP, 2009 U.S. Dist. LEXIS 126743, *12 (S.D. Tex. Apr. 30, 2009) ("This Court finds more persuasive the cases which have held that factual support for the plaintiff's claims need not meet summary judgment type evidentiary standards at the notice stage."). For example, courts have refused to disregard a plaintiff's declaration merely because it contained hearsay. See Castillo, 2009 U.S. Dist. LEXIS 126743 at *12; Schmaltz, 2013 U.S. Dist. LEXIS 33999 at *18–19 (rejecting defendant's hearsay challenges to affidavits because plaintiff was not required to "come forward with evidence in a form admissible at trial.").

In addition, some courts "apply a more relaxed standard even to the personal knowledge requirement. Saddler, 2013 U.S. Dist. LEXIS 45479 at *20–21 (citing Fisher v. Mich. Bell Tel. Co., 665 F. Supp. 2d 819, 826 (E.D. Mich. 2009) (declaration stated that supervisors were aware of the defendant's alleged illegal practices, and the court found that "such awareness can reasonably be inferred at this preliminary stage") (internal quotation marks omitted) and Monroe v. FTS USA, LLC, 257 F.R.D. 634, 639 (W.D. Tenn. 2009) (finding that declarations were sufficient when they merely "stated that they are based upon [the declarants'] knowledge and experience")). Where a declaration contains assertions that it is based on personal knowledge, courts have accepted this allegation as sufficient to meet personal knowledge requirements. Lujan v. Cabana Mgmt., 284 F.R.D. 50, 65 (E.D.N.Y. 2012); McNelley, 2009 U.S. Dist. LEXIS 130788 at *12. Indeed, the Federal Rules of Evidence specifically state that, "Evidence

Page 4 of 10
**Patricia Hernandez, et al., v. Simmons Foods, Inc., et al.**
U.S.D.C. (W. D. Ark.) 5:14-cv-5159-JLH
Response to Defendants' Notice of Objections
to the Declarations of Plaintiff and Plaintiff's Counsel

to prove personal knowledge may consist of the witness's own testimony." F.R.E. 602. Further, courts have found it "reasonable to infer from the evidence submitted" that the employees "would have learned during the normal course of their employment how the company operates and what the company's policies were." Simmons v. Valspar Corp., 2011 U.S. Dist. LEXIS 39340, *11 (D. Minn. Apr. 11, 2011); See also Lujan, 284 F.R.D. at 65 (noting that 'it is reasonable to infer that [defendant's] employees would have first-hand knowledge of [defendant's] employee policies and practices by virtue of their tenure [with defendant].")

The reasons for these courts' willingness to accept a different level of evidence as would be required for summary judgment purposes or at trial was addressed in Monroe v. FTS USA, LLC, which stated as follows:

> [C]ourts in the Sixth Circuit have held that plaintiff's evidence on a motion for conditional certification must not meet the same evidentiary standards applicable to motions for summary judgment because to require more at this stage of litigation would defeat the purpose of the two-stage analysis under Section 216(b). The reason for this difference is that there is no possibility of final disposition at the conditional certification stage. Therefore, requiring a plaintiff to present evidence in favor of conditional certification that meets the hearsay standards of the Federal Rules of Evidence fails to take into account that the plaintiff has not yet been afforded an opportunity, through discovery, to test fully the factual basis of his case. Thus, the Court is persuaded that the declarations presented by Plaintiffs, which stated that they are based upon their knowledge and experience, are sufficient to support conditional certification. The Plaintiffs will have further opportunity through discovery to determine the specific bases for each putative class members' claims, and Defendants will have an opportunity to file a motion to decertify the class after discovery is complete to fully address any substantive concerns relative to the class.

257 F.R.D. 634, 639 (W.D. Tenn. 2009) (internal citations and quotation marks omitted); See also Bredbenner v. Liberty Travel, Inc., 2009 U.S. Dist. LEXIS 67122, fn1 (D.N.J. July 31, 2009) (declining defendant's request to strike plaintiff's declaration as

Page 5 of 10
Patricia Hernandez, et al., v. Simmons Foods, Inc., et al.
U.S.D.C. (W. D. Ark.) 5:14-cv-5159-JLH
Response to Defendants' Notice of Objections
to the Declarations of Plaintiff and Plaintiff's Counsel

"inadmissible hearsay, conclusory, and not based on personal knowledge" because summary judgment motions "differ significantly from non-dispositive motions for conditional certification").

Plaintiff's Declaration makes repeated references to the fact that the statements made therein are based on her own personal knowledge. For example, in Paragraph 9, Plaintiff states, "While I worked as Simmons Foods, I <u>witnessed first-hand and experienced</u> the common practice and plant-wide police of Simmons Foods that I and all others at the Decatur plant who are not 'management' were all equally subject to" (emphasis added). ECF No. 5-1. Paragraph 18 states, "I <u>witnessed first-hand and experienced</u> the common practice and universal policy of Simmons Foods that neither I nor the other hourly employees were compensated by Simmons Foods for all the time . . . ." (emphasis added). ECF No. 5-1. Paragraph 25 states, "Based on <u>my experience and conversations</u> with other hourly poultry production plant employees for Simmons Foods, I believe others would be interested in participating in this lawsuit" (emphasis added). ECF No. 5-1. Not only does Plaintiff refer to her own personal knowledge, but it can reasonably be inferred that Plaintiff would have personal knowledge of Defendants' policies and practices through her employment even if she failed to state that fact over and over. Therefore, the personal knowledge requirement has been met in this case. Moreover, to the extent that Defendants can identify hearsay contained within Plaintiff's Declaration, such hearsay does not bar consideration of those statements on a motion for conditional certification.

Plaintiff's Declaration meets the evidentiary standards required on a motion for conditional certification. Whether Defendants dispute the facts in Plaintiff's Declaration

Page 6 of 10
**Patricia Hernandez, et al., v. Simmons Foods, Inc., et al.**
U.S.D.C. (W. D. Ark.) 5:14-cv-5159-JLH
Response to Defendants' Notice of Objections
to the Declarations of Plaintiff and Plaintiff's Counsel

or believe the assertions are based on hearsay[3] is irrelevant and insufficient to defeat certification. Defendants have simply provided no legitimate basis for this Court to disregard Plaintiff's Declaration.

Defendants are not the first employers to request that a plaintiff's declaration or affidavit be disregarded based on factual disputes, allegations of lack of personal knowledge, and complaints of hearsay. As set forth above, these very same arguments have been rejected time and time again. So long as the declaration purports to be based on personal knowledge, as is the case here, Defendants' objections are without merit and should be disregarded by this Court.

B. <u>Mr. Sanford's Declaration</u>

As with Plaintiff's Declaration, all of Defendants' objections to Mr. Sanford's Declaration should have been raised in Defendants' Response to Plaintiff's Motion for Conditional Certification, not in a separate filing. Also as with Plaintiff's Declaration, Defendants' objections to Mr. Sanford's Declaration are wholly without merit.

Defendant's first complaint is that Mr. Sanford is not an "expert" on the U.S. Mail system. This is very much a straw man argument since Mr. Sanford has not alleged that he is an expert on the U.S. Mail and has not attempted to express opinions[4] on the U.S. Mail. Instead, Mr. Sanford's Declaration has simply related details of his own personal experiences with the U.S. Mail in prior cases, in complete compliance with the personal knowledge requirements of Rule 602 of the Federal Rules of Evidence governing lay

---

[3] The only hearsay alleged by Defendants is found in statements relating to whether other interested parties do, in fact, exist for purposes of conditional certification of a collective action. As detailed in Plaintiff's Reply in Support of her Motion for Conditional Certification, no such showing is actually required for this Court to conditionally certify the class proposed by Plaintiff.

[4] <u>See</u> F.R.E. 702 (permitting testimony in the form of "opinions" by individuals qualified as experts)

**Page 7 of 10**
**Patricia Hernandez, et al., v. Simmons Foods, Inc., et al.**
**U.S.D.C. (W. D. Ark.) 5:14-cv-5159-JLH**
**Response to Defendants' Notice of Objections**
**to the Declarations of Plaintiff and Plaintiff's Counsel**

witness testimony. Defendants' attempts to cast these personal experiences as "expert" testimony is revealing of either 1) Defendants' lack of understanding of what constitutes expert testimony; or 2) Defendants' lack of any real basis for objection to Mr. Sanford's Declaration. Given the high quality of work performed by Defendants' counsel in this case thus far, it would appear to be the latter.

Mr. Sanford's Declaration also does not, as Defendants' assert, consist of nothing more than speculation. Again, Mr. Sanford's Declaration relates facts regarding Mr. Sanford's personal experiences with mailing notices of collective action. It is for this Court to make a determination about whether these facts support the requests made by Plaintiff in her Motion for Conditional Certification regarding the dissemination of notice.

Defendants essentially repeat the objections raised in the previous two paragraphs with their assertion that Mr. Sanford's Declaration "lacks foundation and is irrelevant and immaterial," and Plaintiff's response to this allegation is the same: Mr. Sanford's Declaration relates facts detailing Mr. Sanford's own personal experiences in FLSA collective action cases. Therefore, it does not "lack foundation." It is also relevant and material because those facts assist this Court in determining the manner of providing notice to the putative class members. According to Defendant's argument, it would not matter if Mr. Sanford stated that the U.S. Mail failed to deliver any notice to any putative class member ever because this assertion has "no connection to this case." Clearly, this cannot be the standard as such a fact would obviously be relevant to this Court. While (fortunately) Mr. Sanford's assertions are not as strong as this example, they still have relevance and should be given whatever weight this Court deems appropriate.

Page 8 of 10
Patricia Hernandez, et al., v. Simmons Foods, Inc., et al.
U.S.D.C. (W. D. Ark.) 5:14-cv-5159-JLH
Response to Defendants' Notice of Objections
to the Declarations of Plaintiff and Plaintiff's Counsel

A mere reading of Mr. Sanford's Declaration is sufficient to rebut Defendants' assertion that the Declaration is "vague and nonsensical." Although Defendants claim to be unable to see logic in a request to send a follow-up postcard where the mailings have been unreliable, surely the Court can follow the reasoning that an additional mailing increases the chances of the intended recipient actually receiving the notice.

Finally, to the extent that Defendants also object to Mr. Sanford's Declaration because Mr. Sanford is not "disinterested," Defendants have provided no authority for their suggestion that a declarant must be disinterested, and any such requirement would almost certainly prohibit declarations by the most of probative witnesses. In short, Defendants' objections to Mr. Sanford's Declaration are baseless and cannot justify this Court in disregarding Mr. Sanford's Declaration.

### III.

### **CONCLUSION**

Defendants simply have not provided any basis for which this Court should wholly disregard the Declarations of Plaintiff or her attorney. Defendants' brief on this issue is rife with straw-man arguments, contortions of the facts asserted in the Declarations, and irrelevant complaints. The Declarations complained of contain facts based on personal knowledge which properly form the basis of any lay witness declaration, which are, in turn, legitimately used by this Court to make a decision on Plaintiff's Motion for Conditional Certification. Therefore, Defendants' request that this Court strike or otherwise disregard the Declarations should be denied and dismissed.

Page 9 of 10
Patricia Hernandez, et al., v. Simmons Foods, Inc., et al.
U.S.D.C. (W. D. Ark.) 5:14-cv-5159-JLH
Response to Defendants' Notice of Objections
to the Declarations of Plaintiff and Plaintiff's Counsel

Respectfully submitted,

**PATRICIA HERNANDEZ, Individually and on Behalf of Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
303 WEST MAIN STREET
POST OFFICE BOX 39
RUSSELLVILLE, ARKANSAS 72811
TELEPHONE: (479) 880-0088
FACSIMILE: (888) 787-2040

By: Vanessa Kinney
Ark Bar No. 2008030
vanessa@sanfordlawfirm.com

and /s/ Josh Sanford_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

and

FONTICIELLA RIOS LAW FIRM, PLLC
711 WEST THIRD STREET
LITTLE ROCK, ARKANSAS 72201
TELEPHONE: (501) 372-3625
FACSIMILE: (888) 500-2836

By: Sonia F. Rios
Ark. Bar No. 2011022
soniaeileenfr@gmail.com

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies the foregoing RESPONSE was filed via the Court's CM/ECF System on this 10th day of September, 2014, and thereby electronically served upon the following counsel of record:

Brett C. Bartlett, Esq.
Louisa J. Johnson, Esq.
SEYFARTH SHAW LLP
1075 Peachtree Street N.E., Suite 2500
Atlanta, Georgia 30309

/s/ Josh Sanford_____
**Josh Sanford**

Page 10 of 10
Patricia Hernandez, et al., v. Simmons Foods, Inc., et al.
U.S.D.C. (W. D. Ark.) 5:14-cv-5159-JLH
Response to Defendants' Notice of Objections
to the Declarations of Plaintiff and Plaintiff's Counsel